UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDDIE L. ERVIN,

    Petitioner,

v.

BRYAN MORRISON,

    Respondent.

Case No. 24-cv-13464

Honorable Robert J. White

**OPINION AND ORDER TRANSFERRING SUCCESSIVE PETITION FOR A WRIT OF HABEAS CORPUS TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

I.    Introduction and Background

    Freddie L. Ervin is currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan. He filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Ervin challenges his state court convictions of first-degree murder, felon in possession of a firearm, and possession of a firearm in the commission of a felony. He previously filed an unsuccessful habeas petition challenging these same convictions. *See Ervin v. Wolfenbarger,* No. 06-10004, 2011 U.S. Dist. LEXIS 78232 (E.D. Mich. Jul. 19, 2011); *app. dism. Sub. Nom. Ervin v. Rapelje*, No. 11-2069 (6th Cir. Jun. 20, 2012); *cert. den.* 568 U.S. 1236 (2013).

1

Because the Court concludes that the present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3), the case is transferred to the Sixth Circuit Court of Appeals so Ervin may seek authorization to proceed.

II.     Analysis

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a petitioner files a second or successive habeas petition in the district court without preauthorization from the court of appeals, the district court must transfer the filing to the court of appeals. *See* 28 U.S.C. § 1631; *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997).

A habeas petition is not considered second or successive when it raises a claim that is unripe for review when the first habeas petition is filed. *In re Tibbetts*, 869 F.3d 403, 406 (6th Cir. 2017). A claim raised in a successive petition is considered unripe only where the events or the factual predicate underlying the new claim had yet to occur when the initial petition was filed. *See In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010).

Here, Ervin argues that he possesses new evidence showing that prosecutors violated *Brady v. Maryland*, 373 U.S. 83 (1963) by failing to disclose they had offered a plea agreement to a key prosecution witness in exchange for his testimony. He contends that prosecutors violated *Giglio v. United States*, 405 U.S. 150, 153 (1972) and *Napue v. Illinois*, 360 U.S. 264, 269 (1959) when they permitted the witness to deny under oath that prosecutors had ever offered him a plea bargain. And he maintains that his trial attorney provided ineffective assistance of counsel by failing to challenge this false testimony.

But while Ervin was unaware of the facts underlying these claims when he filed the first habeas petition, they were not unripe because the underlying factual events already occurred. *See In re Wogenstahl*, 902 F.3d 621, 627–28 (6th Cir. 2018) (deciding that petitioner's claims alleging *Brady* violations and defense counsel's ineffectiveness were not unripe at the time he filed his initial habeas petition because the facts underlying those claims already occurred). As a result, the current claims are eligible for successive review because Ervin is attempting to raise issues that he previously omitted from his first petition by relying upon facts that he only now discovered. 28 U.S.C. § 2244(b)(2)(B); *see also In re Wogenstahl*, 902 F.3d at 628.

Since the present habeas petition is successive, the Clerk of Court must transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *Sims*. Accordingly,

IT IS ORDERED that the Clerk of the Court shall transfer this case to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631, for authorization to file a successive habeas petition under 28 U.S.C. § 2244(b)(3)(A).

Dated: January 16, 2025                    s/ Robert J. White
                                                                  Robert J. White
                                                                  United States District Judge